UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BYRON TUSHAWN GOINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:12-CR-62-TWP-HBG-1 |
| | ) | 3:16-CV-259-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On May 23, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 50].[1] The petition challenges the propriety of his base offense level under Section 2K2.1 of the United States Sentencing Guidelines in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) [*Id.*]. The request implicitly relies on *Pawlak v. United States*—in which the Sixth Circuit cited *Johnson*'s invalidation of the Armed Career Criminal Act's ("ACCA") residual clause as the basis for invalidating Section 4B1.2(a)(2)'s parallel provision, 822 F.3d 902, 911 (6th Cir. 2016) [*Id.* (suggesting that Tennessee felony reckless endangerment is no longer a crime of violence)].

Review of the petition reveals that Petitioner's entitlement to relief depends on whether *Johnson*'s impact on the Guidelines has been made retroactively applicable on collateral review. It is this very issue that the Supreme Court has agreed resolve in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016). "The question whether to stay a case pending a

---

[1] On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FDSET") was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson*. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition.

potentially dispositive decision is an appellate court is a pre-trial matter committed to the sound discretion of the [court]." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). The Court finds such a stay appropriate in this case.

In a recent published opinion, the Sixth Circuit recognized that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive." *In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016). While district courts are generally responsible for deciding, in the first instance, whether "*Pawlak* is a new rule or not," *Id.* at *4, multiple Sixth Circuit opinions have endorsed holding petitions similar to the instant one "in abeyance pending the Supreme Court's decision in *Beckles*," *Id.* at *4; *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *4 (6th Cir. Aug. 12, 2016). The justification for doing so is that, "[a]fter . . . [*Beckles*], the district courts will be well positioned to handle [*Johnson*-based challenges to the Guidelines] fairly and efficiently." *In re Embry*, 2016 WL 4056056, at *4. The propriety of such a stay is further reinforced by the fact that at least two panels from the Sixth Circuit have adopted contrasting predictions for what the *Beckles* decision will hold. *Compare Id.* at *4 ("If pressed to decide the question now, we would lean in favor of saying that *Pawlak* . . . . rests on a new rule of constitutional law that the Supreme Court has not recognized, much less made retroactive on collateral review."), *with In re Patrick*, 2016 WL 4254929, at *3 ("The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive [in the ACCA context] applies equally to the Guidelines.").

For the reasons discussed, the action [E.D. Tenn. Case No. 3:16-CV-259-TWP] is **STAYED** pending the Supreme Court's decision in *Beckles*. The parties are **DIRECTED** to file a joint status report within **thirty (30)** days of that decision.

**IT IS SO ORDERED.**

                         <u>s/ Thomas W. Phillips</u>
                         SENIOR UNITED STATES DISTRICT JUDGE